FILED
2015 AUG 17 PM 12 47
BRENDA DESHIELDS
CLERK AND RECORDER
BENTON COUNTY, AR.

# IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

ANDREW S. HARDIE SCOTT                          PLAINTIFF

v.                   CASE NO. CV15-1205-4

STIFEL, NICOLAUS & COMPANY, INC.                      DEFENDANT

## COMPLAINT

Comes Plaintiff, Andrew S. Hardie and for his Complaint states:

### I. PARTIES

1. Plaintiff, Andrew S. Hardie (herein referred to as "Hardie") is a citizen and resident of Benton County, Arkansas.

2. Defendant, Stifel Nicolaus & Company, Inc. (herein referred to as "Stifel"), is a foreign business entity with a branch office located in Benton County, Arkansas.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter. Venue is proper in Benton County, Arkansas. All claims and causes of action alleged herein relate solely to post employment actions by Stifel and its agents and other representatives.

### III. FACTUAL ALLEGATIONS

4. Hardie was formerly an employee of Stifel.

5. Hardie terminated his employment with Stifel on or about April 17, 2015.

EXHIBIT A

6.      Thereafter, Hardie became employed by Wilbanks Securities located in Rogers, Arkansas.

7.      The Firemen Pension and Relief Fund was a major and very important client of Hardie while he was employed at Stifel and thereafter at Wilbanks Securities. The Fireman Pension and Relief Fund is governed by The Firemen Pension and Relief Board.

8.      Hardie enjoyed a very cordial and professional relationship with The Firemen Pension and Relief Board until his employment with Stifel was terminated and he became employed by Wilbanks Securities.

9.      Subsequent to his termination with Stifel, Kenneth Williams, a Vice President of Stifel, commenced making defamatory statements about Hardie to The Firemen Pension and Relief Board and otherwise to the public and to Hardie's customers. Specifically, at a meeting of The Firemen Pension and Relief Board on June 1, 2015, Kenneth Williams made a presentation wherein he accused Hardie of "misinvesting" the funds of The Firemen Pension and Relief Fund.

10.     At the time that Kenneth Williams made the aforementioned false allegations of fact to The Firemen Pension and Relief Board and to the public, he knew that the statements that he was making on behalf of Stifel were false and did so for the sole purpose of injuring the reputation of Hardie and in order to attempt to convince The Firemen Pension and Relief Fund to become a client of Stifel rather than continue its business relationship with Hardie.

11.     A copy of the newspaper article that appeared in the Arkansas Democrat Gazette wherein Kenneth Williams on behalf of Stifel is quoted making the false allegations of fact is attached hereto as Exhibit "A" and incorporated herein.

12. Importantly, at the time the investment related to the false allegation by Kenneth Williams was communicated to The Firemen Pension and Relief Board, Stifel and Kenneth Williams knew that Stifel had specifically *approved* the subject transaction. In addition, Hardie had never been informed by Stifel's compliance department or otherwise that there was *any* issue with respect to the subject transaction and/or investment.

13. Hardie, at all relevant times, believed that the investment was proper and beneficial to The Firemen Pension and Relief Fund based upon his own expertise; the fact that the transaction had been approved by Stifel; and that Hardie had made full disclosure of all facts relating to the subject investment to The Firemen Pension and Relief Board and the Board agreed to proceed with the investment.

14. In addition, as part of its scheme to destroy Hardie's reputation and to gain The Firemen Pension and Relief Fund as a customer, Stifel agreed to enter into a Settlement Agreement with The Firemen Pension and Relief Fund and to pay a sum as *alleged* compensation. Importantly, at the time that the Settlement Agreement by and between Stifel and The Firemen Pension and Relief Fund was consummated, the Deputy General Counsel of Stifel, Jeffrey C. Primiano, stated in the Settlement Agreement in pertinent part as follows:

> I would also like to emphasis that this offer is based upon our desire to accommodate the Pension Fund as a valued client, and in no way should you construe this offer as an admission of any liability on the part of Stifel or its *representatives*.

(Emphasis added)

15. Furthermore, in its effort to injure the reputation of Hardie and to intentionally interfere with his customer relationships beyond The Firemen Pension and Relief Fund, Kenneth

Williams on behalf of Stifel contacted numerous customers of Hardie immediately after the termination of his employment with Stifel and made false allegations of fact regarding Hardie's integrity and professional competence. Specifically, Stifel through Williams stated that Hardie had been "overcharging the City of Rogers Fire Dept. Pension, other clients, and taking monies from accounts that he was not entitled to." Customers were also told that "there were outstanding lawsuits regarding Mr. Hardie that Stifel was trying to settle, and that Mr. Hardie had tax liens, personally" and "that since Mr. Hardie could not handle his personal affairs, he could not be handling accounts for Stifel." Mr. Williams also stated to customers that "there were various misdealings with some of his clients."

16. These alleged statements of fact were false and misleading at the time they were made. With respect to the tax lien, Hardie did have a tax lien filed against him, however, at the time that Stifel through Mr. Williams made the false allegations regarding the tax lien, it knew that the tax lien was filed as a result of the fact that Hardie's CPA had failed to file tax returns for Hardie and other clients for a period of years and that the failure to file did *not* arise out of any improper action/inaction by Hardie.

## IV. CLAIMS FOR RELIEF

### A. Defamation

17. Hardie restates and realleges each and every allegation set forth in Paragraph Nos. 1 through 16 above.

18. As stated above, Stifel published the aforementioned false statements of fact concerning Hardie.

19. The aforementioned false statements of fact were defamatory.

20. At the time of the publication of these false statements, Stifel had knowledge that the statements were false and/or was negligent in failing to determine the truth of the statements prior to their publication.

21. The publication of the aforementioned false statements was a proximate cause of damages to Hardie in an amount to be determined by the trier fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

### B. Intentional Interference with Contractual Relationship or Business Expectancy

22. Hardie restates and realleges each and every allegation set forth in Paragraph Nos. 1 through 21 above.

23. As stated above, Hardie had a valid contractual relationship with The Firemen Pension and Relief Fund and other customers.

24. Stifel had knowledge of the contractual relationships and/or business expectancy of Hardie.

25. That by intentional and improper interference, Stifel induced or caused a disruption and/or termination of contractual relationships and/or business expectancies of Hardie.

26. That the disruption or termination was a proximate cause of damages to Hardie in an amount to be determined by the trier of fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

### C. Punitive Damages

27. Hardie restates and realleges each and every allegation set forth in Paragraph Nos. 1 through 26 above.

28. Stifel knew or ought to have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in damages to Hardie and that it continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.

29. In addition and/or alternatively, Stifel intentionally pursued a course of conduct for the purpose of causing damages to Hardie.

30. As a result thereof, Hardie is entitled to an award of punitive damages in an amount to be determined by the trier of fact in excess of that required for federal court jurisdiction in diversity of citizenship cases.

WHEREFORE, Plaintiff, Andrew S. Hardie, respectfully prays for the relief set forth above, for his costs, attorney's fees, and for all other proper relief.

Respectfully submitted,

SHEMIN LAW FIRM, PLLC
3333 Pinnacle Hills Parkway
Suite 603
Rogers, AR 72758
Office:      (479) 845-3305
Facsimile:   (479) 845-2198
Email:       ken@sheminlaw.com

By: _____
Kenneth R. Shemin
Arkansas Bar No. 78138